JOHN COX vs. THOMAS McCLURE.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action in the nature of trespass *qu. cl. fr.*, asking for the reformation of a deed, for an injunction and for damages, the parties were at issue as to whether there was any mistake in drafting the deed, as alleged by the plaintiff, and whether the acts complained of as a trespass were committed by the defendant upon his own property, as alleged by him. Upon motion of the defendant the " equity issues " were tried to the court, and judgment in favor of the defendant was rendered. It appeared from the judgment file that "the issues " thus determined were the two above mentioned. *Held:—*
1. That this adjudication was decisive against the plaintiff's right to recover damages, and left nothing for submission to the jury.
2. That it was not necessary for the defendant to plead *res adjudicata* in a supplemental answer, but that he might take advantage of the decree already rendered in the case, by objecting to the impaneling of a jury, or by calling the attention of the court to the fact that the controversy was no longer open to litigation.
Ordinarily there should be but one judgment file and that should express the final judgment in the cause. If a review of interlocutory decisions and rulings is sought on appeal, they, together with the facts upon which they are based, may be made a part of the record by a bill of exceptions.

Argued November 1st, 1900—decided January 3d, 1901.

ACTION in the nature of trespass *qu. cl. fr.*, claiming the reformation of a deed, an injunction, and damages, brought to the Superior Court in New Haven County where the issues in equity were first tried to the court, *George W. Wheeler, J.*, and judgment was rendered for the defendant. Afterwards the issue at law was tried to the jury before *Thayer, J.* The jury returned a verdict for the plaintiff upon which judgment was rendered, and the defendant appealed for alleged error of the court in allowing the jury trial. *Error and judgment reversed.*

The following facts appear of record: The plaintiff and defendant are owners of adjoining tracts of upland upon a cove

on the north shore of Long Island Sound, the plaintiff's land lying easterly of the defendant's. The plaintiff brought the present action, returnable in June, 1898, alleging in his complaint that within a few days prior to the date thereof the defendant had commenced to trespass upon the plaintiff's riparian rights by setting up a large number of posts upon thê shore and commencing the construction of bath houses thereon, and that he threatened to continue said acts, and asking for a permanent injunction restraining the defendant from proceeding further in the construction of said bath-houses, for a temporary injunction to that effect, and for $5,000 damages.

In October, 1898, the defendant filed his answer, the first defense of which consisted of admissions and denials, and the 7th and 8th paragraphs of the second defense of which are as follows :—

"7. A short time prior to the time when this suit was brought, the defendant dug holes in the sand below high-water mark and placed posts therein, for the purpose of constructing bath-houses. These holes and posts are located southwest of a line drawn from the extremity of the easterly boundary of the excepted tract (the defendant's upland), where the easterly boundary meets the high-water mark, perpendicular to a line drawn across the mouth of the bend or cove from headland to headland, and in front of said excepted tract. 8. Defendant has not otherwise exercised riparian rights, nor done any acts except upon the excepted tract and in front of the same, and to the west of said perpendicular line."

Upon the first trial of the case to the jury the plaintiff claimed that the deed through which he received his title from the defendant, conveyed to him the entire shore rights south both of his own upland and of that of the. defendant. The trial court having sustained this claim, and the jury having returned a verdict for the plaintiff for $5 damages, the defendant appealed to this court and a new trial was granted, upon the ground that the construction placed by the court upon said deed was erroneous, and that by the terms of

said deed the defendant was the owner of the shore rights and privileges south of, and appurtenant to, his, the defendant's, said tract of upland. See *Cox* v. *McClure*, 71 Conn. 729.

Thereupon, in November, 1899, the plaintiff amended his complaint, alleging that when he purchased the upland of the defendant it was agreed that he should have a conveyance of all the wharf and shore rights to the shore south of his own land and of that of the defendant, and asking for a reformation of said deed; and the defendant amended his answer denying the allegations of said amendment to the complaint. The pleadings having been thus amended, in December, 1899, upon motion of the defendant, the case was transferred to the court docket "for the trial of the equity issues." In a judgment file in this case, dated April 10, 1900, it is stated that the parties appeared and were at issue to the court as on file, and that the court found "the issues for the defendant on his first and second defenses, as on file," and that "it is adjudged that the prayers of the complaint numbered respectively, 1, 2, and *a*1 (being the prayers for a permanent and temporary injunction and for the reformation of the deed) be denied, and that the defendant recover of the plaintiff his costs." A memorandum of decision of the same date, signed by the judge presiding at the trial of the equity issues, after stating that the plaintiff had failed to present such proof as entitled him to have the deed reformed, concludes with the following statement: "I find the facts in accordance with the defendant's first and second defenses. Judgment may be rendered in favor of the defendant on prayers 1, 2, and *a*1."

In another judgment file in this case, dated June 22d, 1900, it is said that on the 13th of June, 1900, "the parties appeared and were at issue to the jury upon those issues in said case remaining on the jury docket, as on file;" that the case having been committed to the jury they rendered a verdict for the plaintiff for $50 damages, upon which verdict judgment was rendered for the plaintiff for said sum and costs.

By the finding of facts made by the judge who presided at the jury trial, it appears that before the jury was impaneled

for the trial of those issues remaining after the trial of the equity issues, the defendant moved that no jury be impaneled in the case, for the reason that all the issues therein had been decided upon the hearing before the court in the trial of said equity issues. The court overruled said motion, and permitted said jury trial to proceed. Upon the trial the defendant, upon the same ground, objected to evidence offered by the plaintiff to prove the trespass alleged in the complaint, and the court overruled said objection. The defendant also requested the court to instruct the jury to render a verdict for the defendant, upon the ground that the case had already been decided by another branch of the court and that the issues therein were *res adjudicata.* The court did not so charge, but instructed the jury that the question tried by the equity side of the court was whether the plaintiff was entitled to a reformation of his deed as claimed by the amendment to the complaint.

Upon the trial to the jury, while each of the parties claimed that the true divisional line between their shore rights was a line drawn from the point of intersection of the divisional line of their uplands with the high-water line, perpendicular to a line from headland to headland across the mouth of the cove, they differed as to what should be considered the cove ; that is, what should be regarded as the proper point of land on the east to which should be drawn the base line from the headland on the west. The plaintiff claimed that the headland on the east was a point further east than that claimed by the defendant. A line drawn from the southern terminus of the divisional line of the upland, perpendicular to the base line claimed by the plaintiff, would run southwesterly of the divisional line upon the shore as claimed by the defendant. The posts in question set upon the shore by the defendant were east of the divisional line upon the shore as claimed by the plaintiff, and were claimed by the defendant to be west of the divisional line upon the shore as claimed by him.

Among the errors assigned are the denial of the defendant's motion that no jury be impaneled, and rulings and decision of the trial court that the case was not fully disposed of by

the judgment of the court upon the trial of the equity issues, and that after said judgment there remained to be tried to the jury the question whether the defendant had trespassed upon the plaintiff's riparian rights.

*Talcott H. Russell*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellee (plaintiff).

HALL, J. The original complaint described in one count both a legal and equitable cause of action, and asked for both legal and equitable relief. It alleged a trespass to the plaintiff's riparian rights, and a threat to continue the same so as to cause the plaintiff irreparable injury, and asked for damages and for an injunction.

The second defense was filed before the first trial, as a defense to both of the alleged rights of action. Paragraphs 7 and 8 of this defense admit the doing of the acts described in the complaint, but allege that they were done upon that part of the shore which the defendant owned, or the right to the use of which was appurtenant to his land. These allegations of the second defense were denied by the reply, and there was thereby framed, before the first trial, an issue of fact which, if found in favor of the defendant, was decisive of the plaintiff's right to either damages or an injunction.

Upon the first trial—the court having sustained the plaintiff's claim that the defendant by his deed to him had conveyed to the plaintiff all the riparian rights south of both tracts of upland—this issue was necessarily decided in favor of the plaintiff. But after that decision was reversed by this court and a new trial ordered, this issue remained as originally framed. The plaintiff amended his complaint by alleging that a mistake was made in describing the property conveyed by the deed from the defendant, and asked that the deed be reformed. Those allegations were denied by an amendment to the first defense, and a new issue was thus formed, but the complaint still alleged the trespass and described the equitable cause of action as before, and still asked both for an injunc-

Cox v. McClure.

tion and for damages, and the second defense and the reply thereto remained unchanged. When, therefore, after the first trial, the case was ordered to be transferred to the court docket for the trial of the equity issues, there were two general questions which it was competent for the court, as a court of equity, to consider and determine : first, whether the plaintiff was entitled to a reformation of the deed ; and second, whether he was entitled to an injunction. If under the issue of fact framed upon the first question it should be found that there was no mistake, the deed could not be reformed. If under the issue of fact formed by the denial of paragraphs 7 and 8 of the second defense it should be found, as the defendant alleged, that the posts in question were all southwest of the true divisional line between the shore properties of the parties, and therefore upon the defendant's own property, there was no trespass committed and no injunction could be granted.

Both of these issues of fact were decided by the Superior Court sitting as a court of equity. The judgment of that court denying the prayer for a reformation of the deed and the prayers for an injunction, as shown by the judgment file, is based upon a finding of the issues in favor of the defendant upon both the first and second defenses, and this language of the judgment file in respect to such finding accords with that of the memorandum of decision filed by the trial judge. The facts thus found are decisive of the plaintiff's right to recover damages. While the judgment upon the question of the plaintiff's right to an injunction, rendered by the Superior Court as a court of equity and deciding the issue of fact raised by the second defense, was still in force, the plaintiff was not entitled to a second trial of the same issue of fact in a court of law upon the question of whether he was entitled to damages. Questions of fact within the jurisdiction of a court of equity are as conclusively settled by a decree of that court as by a judgment of a court of law. *Munson* v. *Munson,* 30 Conn. 425, 433 ; *Mosman* v. *Sanford,* 52 id. 23, 32 ; *Huntley* v. *Holt,* 59 id. 102, 108 ; *Perkins* v. *Brazos,* 66 id. 242, 248.

It was not necessary for the defendant to plead *res adjudicata* by filing a supplemental answer, as he was not called

upon to offer proof of the judgment which had been rendered in the very case then before the court. It appeared by the record in this action that the same issue of fact which it was proposed to try to the jury, and the decision of which was afterwards submitted to the jury, had already been tried and decided in this action. When that fact was called to the attention of the court, as it was by the defendant's motion that no jury be impaneled, the court should have refused to proceed further with the jury trial. "Whenever the court can see, from the record, that by the former trial *the present* question was settled, the dispute is no longer open to litigation, and the court is bound to arrest the proceeding whether the parties wish it or not." *Webb* v. *Rocky Hill*, 21 Conn. 468, 474.

It was improper to have two judgment files in this case. Even if the plaintiff had prevailed upon the trial of the equity issues and had been afterwards heard to the jury upon the question of damages, two separate judgment files should not have been prepared. Rules of Court, Ed. 1899, Form 484, p. 72.

The paper required to be prepared within one week after judgment is rendered, to be made a part of the files of the case and to be recorded at length (Rules of Court, Ed. 1899, p. 33, §§ 94–96), is the formal written statement which expresses the final judgment rendered in the case. *Corbett* v. *Matz*, 72 Conn. 610, 613. Ordinarily, therefore, there should be but one judgment file in a case.

Interlocutory decisions and rulings which would not otherwise so appear upon the record that adequate relief would be afforded by appeal, may, with the facts upon which they are based, be made a part of the record by bill of exceptions. Rules of Court, Ed. 1899, § 74, p. 29; *Fish* v. *Smith*, *ante*, p. 377.

When, upon a separate trial between certain of the parties to an action, judgment is rendered which is final as to them but does not dispose of the case as to the remaining parties, more than one judgment file may be required. Rules of Court, Ed. 1899, Form 492, p. 78; *Bunnell* v. *Berlin Iron*

*Bridge Co.*, 66 Conn. 24. A second judgment file may also be required when the final judgment is reversed or modified as the result of an appeal or writ of error, or when a supplemental judgment is rendered in certain proceedings, as a judgment for the distribution of the avails of a sale under a judgment of foreclosure, or of a sale of land held in cotenancy; *Hartford B. & L. Asso.* v. *Goldreyer*, 71 Conn. 95; Rules of Court, Ed. 1899, pp. 82–85, Forms 496–500; or after a judgment ordering an accounting, or that the parties to an action interplead.

As in the present case the judgment of the court upon the trial of the equity issues was in legal effect a decision adverse to the plaintiff upon all his claims for relief, it was a final judgment, and the only one to be set forth in the judgment file.

The court erred in proceeding with the jury trial against the defendant's objection.

This is error and the judgment is reversed.

In this opinion the other judges concurred.