. ROLLIN C. WILSON *v.* TOWN OF DARIEN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 1—decided July 22, 1943.

*Mark W. Norman,* for the appellant (defendant).

*Samuel Gordon,* with whom was *Joseph K. Sherman,* for the appellee (plaintiff).

BROWN, J.  The defendant, in connection with the erection of a sewage disposal plant, condemned certain land in Darien and thereby destroyed an equitable easement which the plaintiff, as owner of neighboring

land, had in it. The plaintiff brought this action to recover damages for the destruction of the easement. The court rendered judgment for the plaintiff for $800. The defendant has appealed, assigning error as to certain of the court's findings of fact, conclusions and rulings on evidence.

The plaintiff is the owner of vacant lot number 21 in a one hundred and thirty-five lot development known as Noroton Shores in Darien. He purchased the lot on October 10, 1927, for $2750. As a part of the general plan of the development, the use of all lots was restricted to residential purposes only, and appurtenant to each was the right to use a private beach on Long Island Sound about 1000 feet south of the plaintiff's lot. In 1939, the defendant condemned lots 13, 14, 15, 16 and 17 for use in connection with its new sewer system and erected thereon a sewage disposal plant, consisting of a brick building and a glass structure with a driveway between, surrounded by landscaped grounds. This was directly opposite the plaintiff's lot. The use made of the lots which the defendant took was a violation of the restrictions for which no compensation has been paid to the plaintiff. These facts are undisputed, and the defendant makes no complaint of the court's conclusion that by virtue of the restrictive covenants the plaintiff as owner of his lot has an easement in the defendant's premises entitling him to compensation for any damage due to the taking of it. The defendant claims, however, that the plaintiff sustained no damage. It accordingly assigns error in the court's conclusions and judgment fixing his damages at $800.

The court expressly found that the value of the plaintiff's lot before the defendant's conduct complained of was $1800, and as to this no error is assigned by the defendant. The gist of the defendant's argu-

ment is that the court refused to include certain facts in the finding which it claims are vitally material factors in determining what damage if any the plaintiff sustained, and that its judgment was therefore based upon misconceptions and mistaken premises rendering it erroneous. We can make no corrections which we could hold sufficiently material to invalidate the trial court's conclusion.

The further material facts, including such corrections as the defendant is entitled to, may be thus summarized: The major part of the development was created in 1926 by filling in a salt marsh with sand pumped from the Sound. All of the lots including the plaintiff's are above high water level and are approximately within the same grade level. There is no other shore-front property in Darien where a lot may be purchased at $2000 or less. A total of fourteen residences have been erected on the development at a cost in excess of $10,000 each, three of them being within five hundred feet of the plaintiff's lot. One of these, located about two hundred feet from and on the same grade level with it, was built twelve years ago upon what had been an island in the original marsh, and has a cellar under the whole house and an underground septic tank which have since been used without interruption. The defendant's plant with a cellar and foundation twenty feet deep is also built on the same grade level as the plaintiff's lot. Access to the plaintiff's lot from Darien can only be had by passing the defendant's plant. Noxious odors emanating from it reach the plaintiff's lot, and the loading of trucks upon the defendant's driveway with sludge to be carted away is plainly visible from it. The defendant's plant is designed to meet the sewage requirements of the entire town of Darien, has capacity sufficient to serve eighteen thousand people and does at

present serve three thousand. The plaintiff purchased his lot in 1927 for the purpose of erecting on it a private residence to cost in excess of $10,000, and did not abandon this purpose until the defendant began the erection of its plant in 1939. The construction of the defendant's sewer system will enable the plaintiff in the event of building a house upon his lot to connect with it at small expense, and thus obviate his constructing at an expense of $500 a septic tank otherwise necessary. Prior to the erection of the sewage disposal plant, an underground gravity sewer from the Soldiers' Home several miles inland which emptied into the Sound was maintained by the state in the street in front of the plaintiff's lot. The overflow from certain manholes in this sewer located within the development ceased after repairs made by the state in 1933. The private beach located about one thousand feet south of the plaintiff's lot has at all times been used for bathing during the bathing season. The Soldiers' Home sewer never materially affected the development or the value of the plaintiff's lot. This sewer was discontinued after the construction of the defendant's sewer system and connection was made with the latter.

The defendant's contention that the establishment of the sewage disposal plant constituted a benefit rather than a detriment to the plaintiff's property finds full answer in the court's further finding, as to which no error is assigned, that it has resulted in decreasing the desirability of the plaintiff's lot and in seriously depreciating its value. As to the extent of the plaintiff's damage, the court concluded that the value of his land was decreased $1300 by the defendant's establishment of the sewage disposal plant in violation of the restrictions; that the fact that the plaintiff can connect with the sewer running to the

plant, relieving him of the expense of building a septic tank for the disposal of sewage upon his property, results in a saving of $500; and that therefore the net amount of his damage is $800, for which sum judgment was rendered. These conclusions find support in the subordinate facts found, which in turn are supported by the direct testimony of the expert witnesses as to value and damage called by the plaintiff. As tested by these facts and this testimony the court's conclusions were justified and must stand. *Slosberg v. Norwich*, 115 Conn. 578, 581, 162 Atl. 772; *Calkins v. Liggett Drug Co., Inc.*, 124 Conn. 14, 17, 197 Atl. 693; *Cumbo v. E. B. McGurk, Inc.*, 124 Conn. 433, 436, 200 Atl. 328; Conn. App. Proc., § 96. See *Lomas & Nettleton Co. v. Waterbury*, 122 Conn. 228, 233, 188 Atl. 433.

Reference need be made to but one of the errors assigned in the court's rulings upon evidence. The plaintiff was permitted to testify, on direct examination over the defendant's objection, that the assessed valuation of his property was $1375. The defendant conceded this to be the amount of the assessment, but claimed the evidence inadmissible to prove market value. As already pointed out, the defendant has assigned no error in the court's finding that the lot's value was $1800 prior to the defendant's conduct complained of. This being so, any error in the admission of this evidence was at most harmless.

The defendant's claim that the plaintiff suffered no damage because one of the provisions of the restrictive covenants rendered them invalid was neither raised in the trial court nor referred to in the assignments of error, and therefore calls for no consideration by this court. Practice Book, § 363; *Delaney v. Hartford*, 125 Conn. 587, 592, 7 Atl. (2d) 659. Upon the present record, in the absence of either a bill of exceptions or

cross-appeal relating to either the interest item which the plaintiff claims should have been included in the judgment or the $500 increase in the amount of damages awarded, to which he claims to be entitled because the trial court should not have deducted the cost of a septic tank, this court cannot properly pass upon these claims.

There is no error.

In this opinion the other judges concurred.