STATE BAR ASSOCIATION OF CONNECTICUT ET AL. *v.*
THE CONNECTICUT BANK AND TRUST COMPANY

DALY, C. J., KING, MURPHY, MELLITZ and ALCORN, Js.

Argued May 6—decided June 30, 1959

*Lucius F. Robinson, Jr., Ralph C. Dixon* and *William K. Cole,* with whom were *Harold E. Read, Jr.,* and, on the brief, *C. Duane Blinn,* for the appellant (defendant).

*Wesley A. Sturges,* with whom was *Fleming James, Jr.,* for the appellees (plaintiffs) ; with him also was the plaintiff *David H. Jacobs,* pro se.

*F. Trowbridge vom Baur,* of the District of Columbia bar, with whom were *Raymond Reisler,* of the New York bar, and, on the brief, *Jonathan F. Ells, Thomas J. Boodell,* of the Illinois bar, *E. N. Eisenhower,* of the Washington bar, *Melvin F. Adler,* of the Texas bar, and *Andrew Hourigan, Jr.,* of the Pennsylvania bar, as amicus curiae.

DALY, C. J. The plaintiffs alleged in their complaint that the defendant corporation was, and for a long time had been, unlawfully practicing law in this state in violation of the common law and §§ 7638 and 7641 of the 1949 Revision of the General Statutes (Rev. 1958, §§ 51-80, 51-88)[1] and in contempt of court. They sought an injunction restraining the defendant from engaging in any and all of the acts and practices alleged and a judgment declaring whether those acts and practices, singly or in com-

---

[1] The provisions of these statutes are quoted in *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 224 n., 140 A.2d 863.

bination, constituted the unlawful practice of law and violations of the statutes. In another action brought by the plaintiffs against the Hartford National Bank and Trust Company, the complaint contained the same allegations and prayers for relief. The court found all the issues except one for the defendant in each case. The plaintiffs appealed from the judgments, which were rendered on April 15, 1957. The two appeals were combined by the order of the trial court pursuant to § 382 of the Practice Book. The cases were decided by this court on April 15, 1958. *State Bar Assn.* v. *Connecticut Bank & Trust Co.*, 145 Conn. 222, 140 A.2d 863.

In our opinion we stated (p. 234): "[T]he question for determination is whether each defendant, acting through its employees, performed acts, in or out of court, 'commonly understood to be the practice of law.'" At pages 236 and 237 we said: "Each defendant, acting through its employees, in disseminating general information concerning the application, scope and effect of various laws and in reviewing wills and trust agreements was acting primarily for itself in obtaining or holding trust department customers. Those acts and practices did not constitute the practice of law. In performing other acts and in carrying on other practices, it was not acting primarily for itself; it was administering and settling the affairs of estates. The mere fact that it was not acting for itself in performing an act or acts in or out of court does not, however, compel the conclusion that such performance constituted the practice of law. As stated above, the decisive question is whether the acts performed were such as are 'commonly understood to be the practice of law.' *Grievance Committee* v. *Payne,* 128 Conn. 325, 330, 22 A.2d 623. The decision by a trust department officer or

employee that no uncertain or unclear legal issue is involved, that no controversy is likely to arise and that independent outside counsel should not be retained would not legalize the performance of the acts by a trust officer or employee. The court erred in concluding as a matter of law that the drawing up of all of the various types of instruments drafted and composed by each defendant's trust department employees could not and consequently did not constitute the unlawful practice of law and also in concluding as a matter of law that each defendant's appearance and representation at probate court hearings by attorneys who were salaried employees could not and did not constitute the unlawful practice of law. Upon the basis of the facts found, we cannot say that the court erred in concluding that each defendant, acting by and through its trust department employees, lawyers or laymen, in preparing tax returns and dealing with and appearing before state and federal tax authorities in connection with taxes claimed to be due from estates administered by it did not engage in the unlawful practice of law. We do not hesitate to say, however, that if the record indicated that either the preparation of the tax returns or the matters dealt with involved tax law problems of a type such that their solution would be 'commonly understood to be the practice of law,' we would hold that the acts performed constituted the unlawful practice of law."

We held that there was error in part in both cases. The judgments were set aside and the cases were remanded with direction to render judgments as then on file except as modified to accord with our opinion. The trial court, carrying out its interpretation of this mandate, rendered a judgment on July 21, 1958, containing the provisions appearing

in the footnote.[2] The defendant in each case appealed. In the action against the Hartford National Bank and Trust Company, the parties stipulated that the judgment rendered in the present case would be conclusive upon them.

[2] "Whereupon it is adjudged, ordered and decreed . . . that the defendant and its officers, employees, servants and agents be and are forever enjoined, under a penalty of Ten Thousand Dollars ($10,000.00), from preparing and filing documents in any Probate Court or with the State Tax Department or with the Internal Revenue Service, or appearing or being represented in any Probate Court or before the State Tax Department or any representative thereof or before the Internal Revenue Service or any representative thereof, on any matter with respect to which a hearing is required by law or a hearing is had though not required by law, or appearing or being represented in any proceeding, conference or negotiation wherein the legal rights, liabilities or interests of any estate or trust or of any parties interested therein are to be adjudicated, defined, determined, compromised or settled by any decree, judgment, order or ruling of any Probate Court or of the State Tax Department or of the Internal Revenue Service; including without limiting the intent or scope of the foregoing the following matters: (1) the admission of a will to probate; (2) the determination of domicile and heirs at law and all jurisdictional questions arising therefrom; (3) widows' allowances; (4) applications for permission to sell the assets of fiduciary estates; (5) the valuation of closely held corporations and of interests such as leasehold estates and remainder interests; (6) the determination of what dividends and accrued interest shall be included in the inventory of the fiduciary estate; (7) the determination of the ownership of household property; (8) the compromise of claims for and against a fiduciary estate; (9) the determination of whether or not claims against an estate have been properly presented, of questions relating to statutes of limitation, and what, if any, priorities may exist in the order of payment of claims against insolvent estates; (10) the determination of whether or not transfers were made in contemplation of death or were intended to take effect upon possession or enjoyment at or after death and whether or not to concede the taxability of the items involved therein; (11) the determination of allowable deductions under the succession tax law and what items, if any, ought to be included in the computation of the tax liability; (12) the completion of federal estate tax returns involving jointly owned property, marital deductions and transfers prior to death; (13) the preparation and filing of preliminary and final accounts; (14) the making of the necessary calculations in the

"In carrying out the direction of a mandate [of the Supreme Court of Errors], the Superior Court is limited to the specific direction of the mandate as interpreted in the light of the opinion." *Mazzotta* v. *Bornstein,* 105 Conn. 242, 243, 135 A. 38. The judgment rendered on July 21, 1958, from which

distribution of estates; unless represented by a member of the Bar of this State in good standing who is not an officer, employee, servant or agent of said defendant; provided only, that no provisions herein relating to the defendant's appearance or practice before the Internal Revenue Service shall be effective in so far as the laws of the United States require or permit otherwise.

"And it is further adjudged and decreed as a declaratory judgment of the rights of the parties:

"That the defendant, acting through its officers or employees, in giving general information to customers and prospective customers on such matters as federal and state tax laws, inter vivos and testamentary trusts, wills, etc., as well as in reviewing existing wills and trust agreements, where the defendant gives no specific advice, charges no fee, and urges customers to consult their own attorneys for advice on their specific situations and have them draw any necessary documents, is acting primarily for itself in obtaining and holding trust department customers and is not engaging in the unlawful practice of law.

"That the defendant, acting by and through its trust department employees, lawyers or laymen, in preparing tax returns and dealing with and appearing before state and federal authorities in connection with taxes claimed to be due from estates administered by it, is not engaging in the unlawful practice of law, provided that in so doing it does not engage in any of the acts and practices hereinafter declared to be commonly understood to be the practice of law.

"That [the acts of] the defendant, acting through its officers or employees, whether lawyers or laymen, in connection with its fiduciary administrations in preparing and filing documents in any Probate Court or with the State Tax Department or with the Internal Revenue Service, or in appearing or being represented in any Probate Court or before the State Tax Department or any representative thereof or before the Internal Revenue Service or any representative thereof, on any matter with respect to which a hearing is required by law or a hearing is had though not required by law, or in appearing or being represented in any proceeding, conference or negotiation wherein the legal rights, liabilities or interests of any estate or trust or of any parties interested therein are to be adjudicated, defined, determined, compromised or settled by any decree, judgment, order or ruling of

this appeal is taken, was not in accordance with the mandate of this court. In our opinion (145 Conn. 222, at 233), we said: "As stated in the finding, a great many legal problems of a complex nature arise in the fiduciary administration of decedents' estates. These include questions of domicil and who are heirs at law; valuation of stockholdings in certain corporations, of leasehold estates, and of remainder interests; decisions on what dividends and accrued interest are included in the inventory and to whom the household furniture belongs; determina-

any Probate Court or of the State Tax Department or of the Internal Revenue Service, are acts and practices commonly understood to be the practice of law and constitute the unlawful practice of law by the defendant; including without limiting the intent or scope of the foregoing the following matters: (1) the admission of a will to probate; (2) the determination of domicile and heirs at law and all jurisdictional questions arising therefrom; (3) widows' allowances; (4) applications for permission to sell the assets of fiduciary estates; (5) the valuation of closely held corporations and of interests such as leasehold estates and remainder interests; (6) the determination of what dividends and accrued interest shall be included in the inventory of a fiduciary estate; (7) the determination of the ownership of household property; (8) the compromise of claims for and against a fiduciary estate; (9) the determination of whether or not claims against an estate have been properly presented, of questions relating to statutes of limitation, and what, if any, priorities may exist in the order of payment of claims against insolvent estates; (10) the determination of whether or not transfers were made in contemplation of death or were intended to take effect upon possession or enjoyment at or after death and whether or not to concede the taxability of the items involved therein; (11) the determination of allowable deductions under the succession tax law and what items, if any, ought to be included in the computation of the tax liability; (12) the completion of federal estate tax returns involving jointly owned property, marital deductions and transfers prior to death; (13) the preparation and filing of preliminary and final accounts; (14) the making of the necessary calculations in the distribution of estates; provided only, that no provision herein relating to the defendant's appearance or practice before the Internal Revenue Service shall be effective in so far as the laws of the United States require or permit otherwise."

tion of which of the claims against an estate are properly presented and of questions relating to statutes of limitation and the priority in order of payment of claims against an insolvent estate; decisions on whether a transfer was made in contemplation of death or was intended to take effect in possession or enjoyment upon death and whether to concede the taxability of the items involved; determination of what are allowable deductions under the succession tax law and what items are included in the computation of the tax; completion of federal estate tax returns, each of which contains many schedules, including those listing jointly owned property, marital deductions and transfers prior to death; and preparation of preliminary and final accounts, and the making of the necessary calculations, in the distribution of estates. Few, if any, estates do not have some problems of a legal nature. There is a considerable body of case law built up around the succession and transfer tax statutes of this state." We did not state that legal problems of a complex nature arise in the fiduciary administration of every decedent's estate.

To minimize misunderstanding of the meaning of our previous mandate, we append in the footnote[3]

---

[3] Whereupon it is ordered, adjudged and decreed that the defendant be, and it hereby is, enjoined, under penalty of Ten Thousand Dollars ($10,000), from appearing and being represented in any proceeding in the probate courts where a hearing is required by law or a hearing is had though not required by law, other than by an attorney, who may not be its salaried employee.

And it is further adjudged and decreed as a declaratory judgment of the rights of the parties:

In giving general information to customers and prospective customers on such matters as federal and state tax laws, inter-vivos and testamentary trusts, wills, etc., as well as reviewing existing wills, where the defendant gives no specific advice, charges no fee, and urges the customers to consult their own attorneys for advice on

an injunction and a declaration of the rights of the parties which would conform to that mandate. The proposed injunction is written on the principle that appearances at probate court hearings necessarily constitute the practice of law. Since the judgment of April 15, 1957, proceeded on that principle and the defendant did not appeal from that judgment, the principle, whether universally valid or not, must be taken to be binding, for present purposes, on the defendant. The proposed injunction is limited, like the injunction in the judgment of April 15, 1957, to activities in connection with appearances at probate court hearings. For us to direct an extension of the injunction to embrace other activities which

---

their specific situations and have them draw any necessary instruments, the defendant is not engaged in the illegal practice of law but is performing these acts as incident to its authorized fiduciary business.

In preparing and filing in the probate courts the various applications, petitions, accounts, inventories and distributions pertaining to estates and trusts, conservatorships and guardianships, the defendant is performing the ordinary and incidental services relative to estates and trusts assumed by it under the statutes authorizing it to act as fiduciary and is not engaged in the illegal practice of law unless the problems involved in the particular case are such that their solution is commonly understood to be the practice of law.

The defendant should appear and be represented in proceedings in the probate courts, where a hearing is required by law or a hearing is had though not required by law, only by an attorney, who may not be its salaried employee. Appearances and representations by the defendant in such proceedings by its employees constitute the illegal practice of law.

The work of preparing and filing tax returns for the defendant as fiduciary and dealing with, and appearing before, state and federal tax authorities in connection with taxes claimed to be due from the defendant as fiduciary may properly be done by regular employees of the defendant, either lawyers or laymen, to the extent that tax law problems of a type such that their solution would be commonly understood to be the practice of law are not involved.

Any practices of the defendant in contravention of the foregoing constitute the illegal practice of law.

might in certain circumstances be the unlawful practice of law would be a usurpation of the trial court's discretion in the exercise of the injunctive power. Furthermore, such an additional injunction would, of necessity, be too general to be of any real use.

There is error in part, the judgment of July 21, 1958, is set aside and the case is remanded with direction to render judgment as on file in the judgment of April 15, 1957, except as modified to accord with the prior opinion of this court.

In this opinion the other judges concurred.