MARGUERITE L. NOWELL *v.* AMES NOWELL

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and GRILLO, Js.

Argued April 4—decided May 11, 1972

*Edgar W. Bassick III,* with whom, on the brief, was *Dion W. Moore,* for the appellant (plaintiff).

*William C. Strong,* for the appellee (defendant).

GRILLO, J. This appeal is a sequel to the decision of this court dated February 14, 1969. *Nowell* v.

*Nowell,* 157 Conn. 470, 254 A.2d 889. In that decision this court remanded the case to the trial court for further proceedings. On this appeal the plaintiff contends that the trial court, on the remand, failed to follow the directive of this court in refusing to incorporate in its judgment several items to which reference will be made hereafter.

A brief recital of certain aspects of the history and rulings involved in the original trial, the judgment of which resulted in the former appeal to this court and its order of remand, is necessary. In that litigation, on June 5, 1963, the plaintiff wife sought a decree of legal separation, support and equitable relief. (Originally on November 12, 1962, a divorce had been sought.) The trial court, on motion, on February 26, 1963, ordered the defendant husband to pay $1650 in monthly temporary alimony and to pay taxes, mortgage interest, insurance and other household expenses. On December 4, 1963, "under the penalty of $150,000," a temporary injunction was issued by the trial court forbidding the defendant from transferring or encumbering his assets. On March 24, 1965, and on September 9, 1965, a temporary injunction was issued restraining the defendant "under the penalty of $100,000" from prosecuting a divorce action which he had initiated in the state of Texas. On October 6, 1965, the defendant was adjudged in contempt for violating the injunction of September 9, 1965, and on December 17, 1965, the defendant was found in contempt for violating the injunction order of December 4, 1963. Although in both motions requesting the contempt order the plaintiff sought damages for violation of the injunctions, the setting of a penalty was held in abeyance by the trial court. On June 23, 1966, the defendant was held in contempt for failing to pay counsel fees

to the plaintiff as ordered by the trial court to defend four appeals in the amount of $1000 each—total $4000.

This entire matter having been referred to and decided by a referee on April 22, 1966, the trial court accepted the referee's report and rendered judgment thereon.[1]

On appeal from that judgment by the defendant this court held that the judgment of divorce obtained by the defendant in the domestic relations court in Texas became final on October 9, 1967, when the United States Supreme Court denied certiorari on the plaintiff's appeal to that court, and that the judgment had the effect of terminating the defendant's duty to comply with the Connecticut judgment of support, but that all Connecticut support orders survived the Texas decree until October 9, 1967, at which time the Texas judgment became final. *Nowell* v. *Nowell,* supra, 473, 474, 478, 481. We concluded that the judgment of the trial court was free from harmful error but that full faith and credit was to be accorded the judgment of the domestic relations court in Dallas County, Texas, as of October 9, 1967, when the United States Supreme Court denied certiorari. *Nowell* v. *Nowell,* supra, 476–78, 484. The decision of this court decreed: (a) the Connecticut judgment of legal separation must be va-

---

[1] That judgment granted the plaintiff a legal separation, permanent support of $1650 monthly and counsel fees of $24,000. It ordered the house in Darien to be sold and the proceeds divided equally between the parties or that the defendant pay the plaintiff her equity in an undivided one-half interest in the property. Moreover, the defendant was ordered to pay the taxes, mortgage interest, insurance and major repairs until the house was sold. *Nowell* v. *Nowell,* 157 Conn. 470, 475, 254 A.2d 889. The defendant took an appeal from that judgment and the trial court ordered him to pay the plaintiff temporary support of $1650 monthly pending the appeal and $6000 for counsel to defend the appeal. Id.

cated; (b) the defendant must pay any arrearages which are due under the court order granting alimony pendente lite; (c) the defendant must comply with all requirements of the judgment until October 9, 1967, and must pay support of $1650 monthly until October 9, 1967, and that he must also pay the plaintiff's counsel fees of $24,000. The defendant must also pay the plaintiff's counsel fees of $6000 to defend the appeal to this court. Further, this court directed that if the house in the town of Darien had not been sold, its disposition should be governed by the terms of the Texas judgment. *Nowell* v. *Nowell,* supra, 484, 485.

We directed that the judgment for legal separation and support should be vacated as of October 9, 1967, and the total amount of support and counsel fees owed by the defendant should be set forth in the judgment vacating the judgment of April, 1966. This court remanded the case for further proceedings in accordance with the judgment and its opinion. *Nowell* v. *Nowell,* supra, 484, 485. The trial court, carrying out its interpretations of the mandate of this court, rendered the judgment on February 19, 1970.[2]

On the plaintiff's appeal in the case at bar the trial court made a finding to the effect that the de-

[2] "Ordered, Adjudged And Decreed that the judgment of legal separation and support entered herein on April 22, 1966 is hereby vacated as of October 9, 1967; and it is further Ordered, Adjudged And Decreed that (1) the defendant shall pay any arrearages due under the Court order granting alimony pendente lite; (2) the defendant shall comply with all the requirements of the judgment of April 22, 1966 until October 9, 1967; (3) the defendant shall pay the plaintiff the sum of $35,145 support for the period January 1, 1966 to October 9, 1967; (4) the defendant shall pay plaintiff's counsel the sum of $24,000 as counsel fees; (5) the disposition of the house in Darien, Connecticut shall be governed by the terms and provisions of the Texas judgment made and entered on December 22, 1965."

fendant had not paid the plaintiff alimony since December 31, 1965; he has not paid counsel fees in the amount of $24,000; he has paid $6000 to defend the defendant's appeal on its merits. The house in Darien had not been sold. The court further concluded that the defendant must comply with all the requirements of the judgment until October 9, 1967, and that the amount owed by way of temporary alimony and alimony from January 1, 1966, to October 9, 1967, is $35,145. The court also concluded that the plaintiff did not need now to specify the amount owed by the defendant for taxes, mortgage interest, insurance and major repairs on the house in Darien.

We do not specifically set out the plaintiff's assignments of error because the plaintiff states in her brief and in argument that her cardinal claims of error directed at the judgment are as outlined below. We, therefore, limit our discussion to those issues. *Brock* v. *Waldron,* 127 Conn. 79, 80, 14 A.2d 713.

Claim (a). Since the plaintiff has been awarded counsel fees to defend in the amount of $1000 on each of four previous appeals, the trial court should have rendered judgment for an additional $4000 in counsel fees. Claim (b). The trial court erred in not awarding the plaintiff counsel fees necessitated by the defendant's filing a writ of certiorari to the United States Supreme Court in this same case. Claim (c). On this court's ordering further proceedings, the trial court should have declared the plaintiff entitled to counsel fees for those proceedings. Claim (d). In the proceedings below the plaintiff was entitled to prove her damages for the defendant's violation of the temporary injunctive orders. Claim (e). Since this court ordered the defendant to pay arrearages due under the court order granting alimony pendente lite, which order included a pro-

vision that the defendant pay the taxes, mortgage interest, insurance and major repairs on the Darien home, the trial court should have determined the specific amounts owed for these items in the past, the items not having been paid for by the defendant. Claim (f). The defendant should have been required by the trial court to pay for those items until the house in Darien is sold "as ordered upon the motion for alimony pendente lite." These claims will be considered seriatim. Implicit in these averments, of course, is the contention that these items should have been included in the trial court's judgment on remand.

In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. *Mazzotta* v. *Bornstein,* 105 Conn. 242, 243, 135 A. 38. This is the guiding principle that the trial court must observe. *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 146 Conn. 556, 561, 153 A.2d 453. Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. *Humphrey* v. *Gerard,* 84 Conn. 216, 221–22, 79 A. 57. The mandate should be recorded before further proceedings are had in the trial court. It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. 5 Am. Jur. 2d, Appeal and Error, § 991 and n.9, § 992.

In light of these legal propositions, we now consider the claims advanced by the plaintiff. Claim (a). At least two of the awards for counsel fees antedated the date of the judgment of legal separation, and at least one preceded the date of the filing of the referee's report as amended. The plaintiff's only exception with reference to counsel fees relative to the referee's report was the award of $24,000 in counsel fees, which sum represented legal services in the matter before him. No motion was made, however, before the referee or the trial court for the inclusion in the judgment of any counsel fees it is now claimed should have been incorporated in the judgment on remand. In the original appeal, *Nowell* v. *Nowell,* supra, the plaintiff (the appellee therein) filed no bill of exceptions. *Cox* v. *McClure,* 73 Conn. 486, 492, 47 A. 757. No cross appeal was filed for recovery of the fees. *Wilson* v. *Darien,* 130 Conn. 318, 322, 323, 33 A.2d 320; *Watson* v. *New Milford,* 72 Conn. 561, 567, 45 A. 167; see *Rizzo* v. *Price,* 162 Conn. 504, 512, 294 A.2d 529; Maltbie, Conn. App. Proc. § 355. As a matter of fact, in the original appeal the plaintiff asked that judgment be rendered affirming the judgment of the trial court order. The plaintiff filed no assignments of error. Practice Book § 623. A case cannot be presented by halves. In the event of an appeal to this court an appellee must be prepared to have the case decided with reference to all facts on the record presented for determination by either party. *Coughlin* v. *McElroy,* 72 Conn. 444, 447–48, 44 A. 743. While the original appeal contains a recitation of the contempt order for failure to pay these fees, this and other contemptuous conduct ascribed to the defendant in flouting court orders were used to advance the argument of the plaintiff that

the defendant "deserves no consideration from this court" rather than for an expression of opinion from this court as to these fees. The plaintiff further conceded in her brief that the four fees of $1000 were due plaintiff's counsel, "regardless of the determination of this appeal by this Court." Since the record in the previous appeal did not lay a foundation requesting affirmative relief for directing the inclusion of these fees in our order of remand, we made no such directive in our opinion. A fortiori, the trial court, on remand, was without authority to include that item in its judgment and correctly determined that the only counsel fees directed in the decision of remand requiring it to "set forth" counsel fees were those of $24,000 and $6000, respectively, as expressed in the decision. *Nowell* v. *Nowell,* 157 Conn. 470, 485, 254 A.2d 889. Expressio unius est exclusio alterius. This conclusion does not deprive the plaintiff, furthermore, from her remedy to recover this amount. *Smith* v. *Smith,* 151 Conn. 292, 197 A.2d 65.

As to claim (b), no such order was rendered by the trial court; as a matter of fact, the plaintiff's brief indicates a denial by the trial court of the plaintiff's motion.

With reference to the plaintiff's claim (c), that she is entitled to counsel fees in connection with the remand proceedings, the mandate of this court did not authorize the trial court to provide for payment of attorney's fees referable to those proceedings. Even assuming that equity courts have jurisdiction to allow counsel fees in mandate proceedings—and as to that we express no opinion—the purpose for authorizing such costs and making such allowances should be clearly expressed in the decree. *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.,* 281 U.S. 1, 9–10, 50 S. Ct. 194, 74 L. Ed. 659. *Smith* v.

*Smith,* supra, 292, is not authority for the proposition advanced by the plaintiff.

As to claim (d), assuming, arguendo, that the plaintiff has a recognized cause of action relative to the damages she claims to have sustained as a result of the aforementioned violations of the temporary injunctions, proof of which was precluded by the trial court, it is obvious that although this court stated that punishment is imposed in cases of civil contempt at the request of the offended party; *Nowell* v. *Nowell,* supra, 482; there is no order directed to the trial court insofar as this aspect of the case is concerned. Generally speaking, rendering judgment on remand is a perfunctory judicial act. To have acceded to the plaintiff's request would have transformed the proceeding into a trial of the case at large which should be conducted in such manner as to deprive none of the litigants of his rights in the presentation either of the cause or of the defense, including pleadings and with definite issues to be formed. *Baldwin* v. *Miles,* 58 Conn. 496, 498, 20 A. 618; *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, 124. The trial court intimated this and indeed the plaintiff's counsel himself conceded in argument in the proceedings before that court that he has "a separate cause of action."

Concerning claim (e), in ordering the defendant to pay arrearages under the order of alimony pendente lite this court did not make it incumbent on the trial court to compute those arrearages pertaining to past taxes, mortgage interest, insurance and major repairs on the home in Darien. It required only the determination of "support of $1650 monthly until October 9, 1967"—a simple mathematical computation—which the trial court correctly ascertained. To have gone into the proof of the other

arrearages claimed by the plaintiff again would have resulted in opening a Pandora's box of litigation without the proper procedural safeguards referred to above concerning damages claimed for violations of the temporary injunctions. This court did not undertake to say that the trial court had to compute the arrearages due under the alimony pendente lite order other than those specified above, i.e., the liquidated monetary provision of that order—$1650 monthly. See *Humphrey* v. *Gerard,* 84 Conn. 216, 218, 79 A. 57.

As to claim (f), the position of the plaintiff is that the defendant should be required to pay taxes, mortgage interest, insurance and major repairs on the house in Darien until the house is sold as ordered on the motion for alimony pendente lite. The record considered and reviewed by us and the decision directing the remand indicate that no such alimony pendente lite order was issued in the original action. *Nowell* v. *Nowell,* supra, 472. It is true, however, that the judgment of legal separation in that case from which an appeal was taken by the defendant did require payment by the defendant of the items mentioned until the property was sold. *Nowell* v. *Nowell,* supra, 475. The house in Darien as of February 19, 1970 (the date of the trial court's judgment on remand), had not been sold. Our decision in the original appeal directed that if the house in Darien had not yet been sold, its disposition should be governed by the terms of the Texas judgment, to which we accorded full faith and credit, as of October 9, 1967, the date of the final judgment. We vacated the trial court's judgment which ordered in addition to other duties that which the plaintiff now seeks to have included in the judgment on remand. The Texas judgment ordered

the house in Darien to be sold "forthwith," the payment of the mortgage indebtedness and a division of the "net proceeds" between the parties. A-487, Rec. & Briefs, p. 380. Had the trial court taken the action proposed it would have been in direct violation of the directive of this court and would further have imposed on the defendant the assumption of obligations to a time (since the house had not yet been sold) far beyond the cutoff date mandated by our decision, i.e., October 9, 1967. The trial court correctly rendered judgment that the disposition of the house should be governed by the provisions of the Texas judgment.

Finally, as to the all-embracing claim advanced by the plaintiff to the effect that the obligations of the defendant to the plaintiff are unclear in the decision of this court as to whether the date of termination of these duties continues to the date of the sale of the plaintiff's premises or only until October 9, 1967, this court's opinion stated: "All Connecticut support orders survived the Texas decree until October 9, 1967, at which time the Texas judgment became final." *Nowell* v. *Nowell,* supra, 481. "The defendant must comply with all the requirements of the judgment until October 9, 1967." Id., 484. There is nothing nebulous in this directive.

There is no error.

In this opinion the other judges concurred.