ARTERBURN CONVALESCENT HOME, INC., ET AL. *v.*
COMMITTEE ON STATE PAYMENTS TO HOSPITALS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and RUBINOW, Js.

Argued May 4—decision released September 5, 1978

*William J. Clarke,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (defendant).

*Stephen E. Ronai,* with whom was *Marsha B. Moses,* for the appellees (plaintiffs).

BOGDANSKI, J. This is an appeal by a large number of licensed chronic and convalescent hospitals, rest homes with nursing supervision and homes for the aged from the action of the defendant committee on state payments to hospitals in denying the plaintiffs' motion to intervene in a remanded proceeding held pursuant to a judgment of the Court of Common

Pleas in the matter of *Brittany Farms Rest Home, Inc.* v. *Commission on Hospitals and Health Care,* dated June, 1976, *D. Dorsey, J.* The Court of Common Pleas, *Satter, J.,* sustained the appeal, concluding that the plaintiffs had an interest in the subject matter of the remanded proceeding and should have been allowed to intervene. From the judgment rendered the defendant committee appealed to this court, assigning error in the court's conclusions and in its remand.

On or before July 1, 1974, pursuant to § 17-314[1] of the General Statutes, the committee held a public hearing to establish medicaid reimbursement rates for all licensed chronic and convalescent hospitals, rest homes with nursing supervision and homes for the aged. On August 2, 1974, the committee notified all licensed convalescent hospitals, rest homes and homes for the aged of the medicaid reimbursement rate approved for the period July 1, 1974, through June 30, 1975. The approved rate carried over the previous year's established per diem rate into the month of July, 1974, with a new higher rate effective August 1, 1974, to June 30, 1975.

Two of the affected homes, Brittany Farms Rest Home, Inc., and Windsor Hall Rest and Nursing Home, Inc., appealed to the Court of Common Pleas, alleging that the two rates established for

---

[1] "[General Statutes] Sec. 17-314. RATES OF PAYMENT TO CHRONIC AND CONVALESCENT HOSPITALS, REST HOMES AND HOMES FOR THE AGED. The rates to be paid by or for persons aided or cared for by the state or any town in this state to licensed chronic and convalescent hospitals, rest homes with nursing supervision and to licensed homes for the aged, as defined by section 19-576, for room, board and services specified in licensing regulations issued by the state health department shall be determined annually, after a public hearing, by the committee established under section 17-311, to be effective July first of each year. . . ."

the 1974–1975 fiscal year (one for July 1, 1974 — July 30, 1974, and the other for August 1, 1974 — June 30, 1975) violated the mandate of § 17-314 that one uniform rate be established for the fiscal year. The court (*D. Dorsey, J.*) found that the committee violated § 17-314 by setting two rates and remanded the case to the committee for "further proceedings consistent with this decision." No appeal from that judgment was taken.

To effectuate the court's remand order, the committee notified counsel for Brittany Farms and Windsor Hall of a public hearing to be held May 10, 1976, "for the purpose of establishing rates to be paid to Brittany Farms Rest Home, Inc., and Windsor Hall Rest and Nursing Home, Inc." The plaintiffs sought to intervene in that hearing, seeking to be designated as parties pursuant to §§ 4-166 (5) and 4-177 of the Uniform Administrative Procedure Act. The committee, however, denied their application, and established a single uniform rate for fiscal year 1974–1975 for Brittany Farms and Windsor Hall only.

The plaintiffs' application to intervene in the proceeding of May 10, 1976, was based on the provisions of §§ 4-166 (5) and 4-177 of the Uniform Administrative Procedure Act and on the allegations that the plaintiffs will be specifically and substantially affected by any order or decision made in such proceeding, that they are affected in the same manner as Brittany Farms and Windsor Hall in being subjected to two rates in one year, and that they are entitled to the same relief as Brittany Farms and Windsor Hall.

The basic issue before us is whether the committee acted arbitrarily in refusing to permit the plaintiffs

to intervene in the public hearing of May 10, 1976. The plaintiffs claim that because that hearing was a "contested case," they had a statutory right to intervene. We agree.

Section 4-166 (2) of the act provides in part that " '[c]ontested case' means a proceeding, including but not restricted to *ratemaking*, price fixing, and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." (Emphasis added.) The plaintiffs contend that the May 10, 1976, public hearing falls squarely within the statutory definition of a "contested case" because a public hearing for ratemaking is statutorily required by § 17-314 and that the May 10 hearing was merely a continuation of the original ratesetting proceeding for the 1974–1975 fiscal year.

Section 4-177 (a) specifically provides that "[i]n a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice." Section 4-166 (5) defines a "party" as "each person or agency named or admitted as a party, or *properly seeking* and entitled as of right to be admitted as a party." (Emphasis added.) On the basis of the provisions of the above statutes and the allegations of the motion to intervene, we conclude that the plaintiffs had a statutory right to intervene as parties in the hearing of May 10, 1976, and that the trial court properly ruled that the committee acted illegally in denying intervention.

The trial court ordered a remand to the committee with "a direction that it establish a single annual payment rate for the 1974–1975 fiscal year for those plaintiffs who are found to be in the same class of

rest homes as Brittany Farms and Windsor Hall and to set a single annual payment rate for all other plaintiffs applying the same standards as used in the Brittany Farms and Windsor Hall proceedings." The committee claims that because the sole issue before the court was whether the committee acted illegally or arbitrarily in denying intervention, the remand went too far and constituted an encroachment on the administrative function of the committee.

Ordinarily, upon concluding that the action taken by the administrative agency was illegal or arbitrary, the court should go no further than to sustain the appeal. For the court to go further and direct what action should be taken by the administrative agency would be an impermissible judicial usurpation of the administrative functions. *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497; *Watson* v. *Howard,* 138 Conn. 464, 469–70, 86 A.2d 67. In the circumstances of this case, after finding that the committee acted arbitrarily in denying intervention, the trial court should have gone no further than to have sustained the appeal. See *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 753–54, 345 A.2d 9.

One other point requires discussion. The record reveals that the trial court heard evidence and made a finding. The appeal was taken pursuant to the provisions of the Uniform Administrative Procedure Act, §§ 4-166—4-189 of the General Statutes. Section 4-183 (f) provides that "[t]he review shall be conducted by the court without a jury and shall be confined to the record." The court is not permitted to retry the case. *O'Donnell* v. *Police Commission & Police Trial Board,* 174 Conn. 422, 426, 389 A.2d 739.

There is error in part, the judgment is set aside and the case remanded for the rendition of a judgment sustaining the appeal.

In this opinion COTTER, C. J., and LONGO, J., concurred.

LOISELLE, J. (concurring). The majority opinion seems to imply that §§ 4-166 (2) and 4-177 (a) of the Uniform Administrative Procedure Act establish that the plaintiffs have a right to intervene in the remand hearing ordered by the court in *Brittany Farms Rest Home, Inc.* v. *Commission on Hospitals and Health Care,* dated June, 1976, *D. Dorsey, J.* Neither of those provisions specifically refers to intervention. Rather, § 4-166 (5) defines "parties" as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." Because the plaintiffs in this case are neither "named or admitted" as parties, the question becomes whether they are "properly seeking and *entitled as of right* to be admitted" as parties in the remand hearing. (Emphasis added.) Consequently, the plaintiffs must establish that they are *entitled as of right* to be parties beyond the mere statement that they have a right.

Because a remand is limited to " 'the specific direction of the [appellate court] mandate as interpreted in the light of the opinion' "; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 146 Conn. 556, 561, 153 A.2d 453 (1959) ; it is necessary to look to the decision of the reviewing court in the *Brittany Farms* case to determine the scope of the remand. See also *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972). In the *Brittany Farms* case, the court stated in its memorandum of decision that, by establishing a divided rate, the defendant acted in

excess of its powers granted by General Statutes § 17-314. The action taken by the administrative body, being in excess of its statutory authority, is void for purposes of this litigation. See *Newington* v. *Mazzoccoli,* 133 Conn. 146, 48 A.2d 729 (1946) (permit issued in contravention of statute is void). A void act is one without legal effect. Consequently, none of the hospitals for whom the dual rate, challenged in *Brittany Farms,* was established is bound by it. Thus, the remand ordered by the court in that case encompasses an entirely new rate-making hearing, as is required by General Statutes § 17-314. Because the result of that hearing will necessarily affect the interests of the plaintiffs, they are "entitled as of right" to intervene.

On this basis, I concur in the result reached by the majority.

In this opinion RUBINOW, J., concurred.