[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE REMAND FROM THE APPELLATE COURT
The present matter comes to the trial court based on a remand of the Appellate Court on October 3, 2000, Way v. Way. 60 Conn. App. 189 (2000). The marriage between the parties was dissolved in Superior Court, Judicial District of New London on September 25, 1996. The case proceeded on an uncontested basis with a signed separation agreement filed with the court. The judgment provided for child support payable by the defendant to the plaintiff in the amount of $345.00 per week in addition to a sum of $260.00 per week towards the wife's household expenses for a period of five years. The household expense payment was nonmodifiable as to term and amount. No alimony was awarded to either party with property to be divided pursuant to the separation agreement. Said agreement was incorporated into the judgment.
In November of 1997, the defendant filed a motion for modification seeking to modify his child support obligation due to an alleged substantial change in circumstances. In addition, he sought relief from the nonmodifiable household support order. On December 18, 1997, after a two-day hearing, the trial court modified the child support obligation to $270.00 per week and vacated the household support obligation.
The plaintiff appealed the decision of the trial court, Martin, J., on January 6, 1998. The plaintiff claimed in her appeal that the court erred in terminating the nonmodifiable household support order. The Appellate Court heard the matter and reversed the decision of the trial court pertaining to the household support order. It remanded the case for further proceedings before this court consistent with its opinion, Wayv. Way, 60 Conn. App. 189 at p. 200.
On June 24, 1998, while the plaintiff's appeal of the household support order was lending, the defendant filed a motion for modification of child support. Said motion was granted by the trial court, Parker, J., reducing his child support obligation to a total of $150.00 per week. CT Page 3568
The parties have filed motions and briefs concerning the claim of each as to the duty of the trial court on remand. The plaintiff filed motions for clarification and vacate, postjudgment, filed on April 9, 2001, August 27, 2001, December 21, 2001 and December 26, 2002. He contends that the trial court is required to conduct new limited hearings, presumably in front of the original trial judge, Martin, J., to take further action consistent with the Appellate Court decision.
The defendant further argues in its motion for clarification, postjudgment that the trial court must determine whether the evidence presented at trial (the hearings before Judge Martin in December of 1997) would have constituted a substantial deviation from the child support guidelines mindful of the Appellate Court's decision that the household support order was nonmodifiable and therefore enforceable. The defendant further contends that the trial court should decide whether a deviation should be ordered as far back as December 1997. If a deviation was in order, the court should then apply the appropriate deviation with all orders retroactive back to December 17, 1997 and/or the date of trial. The defendant further requests that the trial court clarify the total amount of support payable by the defendant in any form for such other equitable relief as deemed appropriate by the court.
The defendant argues totally to the contrary. The defendant claims that the remand to the trial court is limited to the court's determination as to the amount of arrearage owed to the plaintiff by the defendant in his failure to pay the household support order for the period of time required in the judgment; i.e., five years from the date of judgment. The defendant further claims that once the court determines the amount of the arrearage that the court should enforce its order by an appropriate order of payment.
After hearing the argument of counsel and reviewing the motions and memorandum of law, the court rules in favor of the plaintiff in all respects. The trial court is not duty-bound to have the matter heard by the judge who tried the motion to modify. (See Connecticut General Statutes § 51-183c.) Even if the remand hearing is not a "trial," the defendant has cited no trial court or appellate court decisions requiring the original trier of fact to rehear the matter.
The court further concludes that the remand from the Appellate Court was limited to the Appellate Court's reversal of the trial court's ruling specifically pertaining to the household support order. The Appellate Court clearly determined in its decision that the household support order, agreed to by the parties and incorporated into the judicial decree, was nonmodifiable. The remand from the Appellate Court does not CT Page 3569 require the trial court to reopen the hearing to determine whether or not child support should be modified.
The trial court at the two-day hearing in December of 1997 heard the defendant's claim for modification of the judgment for both the household support order and child support. Judge Martin granted the defendant's motion to modify the child support reducing it to $270.00 a week. No appeal or cross appeal was filed by the defendant. Furthermore, the defendant filed an additional motion to modify child support on June 24, 1998. Said motion was granted by Parker, J., further reducing the defendant's obligation for child support to $150.00 a week. Said order was not further appealed. Both orders were presumably based upon the child support guidelines existing at the time of the order.
This court concludes that only the specific mandate of the Appellate Court must be followed. Well established principles govern further proceedings after remand by the Appellate Court. In carrying out a mandate of the Appellate Court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. It is the duty of the trial court on remand to comply strictly with the mandate of the Appellate Court according to its true intent and meaning. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed herein. Halperinv. Board of Education, 231 Conn. 308, 311 (1994). In the present controversy, the matter on remand is limited to the enforceability of the household support order. This court must determine the arrearage and order payment thereon. The trial court cannot adjudicate rights and duties not within the scope of the remand. Halperin v. Board ofEducation, 231 Conn. 308 (1994). No judgment other than that directed or permitted by the reviewing court may be rendered even though it may be one that the Appellate Court may have directed, Nowell v. Nowell,163 Conn. 116, 121 (1972).
The relief requested by the plaintiff would require the trial court to reopen the matter concerning child support. The plaintiff received the benefit of two orders modifying his child support conforming to the then existing child support guidelines without objection or appeal. Furthermore, the separation agreement executed by the parties and incorporated into the original judgment reflects the true intentions of the parties. "The parties intended that the household support was in contemplation of the serious illness of the parties' minor child and the need for the plaintiff mother to be available to him and the impediment, thereafter, to her gainful employment." (Judgment, pg. 4.) The plaintiff's gross income was $127.00 per week and the defendant's was $1,284.00 at the time of judgment. The plaintiff also bargained away any CT Page 3570 claim for alimony.
The trial court concludes that the plaintiff is not entitled to an additional attempt to modify child support based upon the specific remand ordered by the Appellate Court. The trial court therefore denies the relief requested by the plaintiff in its motions to clarify and vacate and rules in favor of the defendant in its request to enforce the judgment. The plaintiff shall reclaim her motion for enforcement, dated January 16, 2003, for a short calendar hearing. At said hearing the court shall determine:
1) the arrearage owed by the defendant to the plaintiff on the household support order, and
2) the method and terms of payment of same.
Devine, J. CT Page 3571