**Augustin CARBAJOL,**
**Petitioner-Appellant,**

v.

**James FAIRMAN, Gayle Franzen, and Tyrone Fahner, Attorney General of Illinois, Respondents-Appellees.**

**No. 82–1587.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1983.
Decided Feb. 22, 1983.

Susan Bandes, The Roger Baldwin Found. of ACLU, Inc., Chicago, Ill., for petitioner-appellant.

Michael B. Weinstein, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before PELL, CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

One day in 1976, Augustin Carbajol ("Carbajal" in the state court proceedings) chased Reuben Hernandez on foot down an alley in Harvey, Illinois, shooting at him. One shot hit Hernandez, who was unarmed, in the back, and killed him. Carbajol was tried for murder. At his trial (a bench trial), he testified that the night before the shooting, Hernandez, accompanied by a cousin, had come to Carbajol's house and told him that he intended to kill him and his children and rape his wife; that he would take his time, but would eventually carry out his threats. The next day Carbajol saw Hernandez in a car on the street outside Carbajol's house, and in an encounter later that day Hernandez told Carbajol that he, Carbajol, was a dead man. Carbajol borrowed a gun from his cousin. His intention was to kill Hernandez, because he thought Hernandez would carry out his threats. When Carbajol returned home with the gun, he saw Hernandez and Hernandez's cousin standing on the street. Seeing Carbajol, Hernandez reached into his car and took something out, and then he and his cousin began running away. All this testimony was admitted but on the prosecutor's motion the trial judge refused to allow Carbajol to testify that 14 years earlier in Mexico Hernandez had killed two of Carbajol's uncles and raped Carbajol's niece.

Carbajol was convicted of murder and sentenced to 14 to 20 years in prison. The Illinois Appellate Court affirmed his conviction, *People v. Carbajal,* 67 Ill.App.3d 236, 23 Ill.Dec. 917, 384 N.E.2d 824 (1978), and after the Illinois Supreme Court refused him leave to appeal he petitioned for federal habeas corpus. The district court denied the petition. Carbajol appeals, arguing that the exclusion of the evidence of Hernandez's past attacks on Carbajol's relatives violated his right to defend himself, a right guaranteed by the Sixth Amendment and made applicable to the states by the due process clause of the Fourteenth Amendment.

The state argues that Carbajol has waived his objection to the exclusion of the evidence. He had offered the evidence at trial to prove that he had killed Hernandez in self-defense (and, what is the same thing under Illinois law, defense of others—the members of his family) and out of necessity. See Ill.Rev.Stat.1981, ch. 38, §§ 7-1, 7-13. These are complete defenses. Carbajol now argues that the evidence should have been

admitted for the different purpose of showing that he was guilty just of voluntary manslaughter, because "at the time of the killing he believe[d] the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of [the Illinois Criminal Code], but his belief [was] unreasonable." Ill.Rev.Stat.1981, ch. 38, § 9–2(b).

It is necessary to distinguish between failure to exhaust state remedies, and waiver. The state does not argue that Carbajol has failed to exhaust his state remedies. Although exhaustion requires that "the substance of a federal habeas corpus claim must first be presented to the state courts," *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971), and the substance of Carbajol's claim—that Hernandez's violent history should have been admissible to show that Carbajol was guilty of voluntary manslaughter rather than murder—was not presented at trial, the state concedes that it was presented on appeal to the Illinois Appellate Court and that this exhausted his state remedies.

■ Failure to exhaust state remedies merely requires the habeas corpus petitioner to present his claim to a state court before presenting it in the federal habeas corpus proceeding; it postpones but does not eliminate his right to obtain relief in that proceeding. Waiver bars him forever; and it is waiver rather than failure to exhaust that the state argues bars us from considering Carbajol's claim. See *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 356 (7th Cir.1983).

■ "Waiver" is something of a misnomer in this context; the real question is forfeiture. If a state withholds the right of appellate review of issues not raised at trial, the federal courts will not undermine the state's interest in orderly procedure by allowing the defendant to litigate the issue in a federal habeas corpus proceeding. *Wainwright v. Sykes,* 433 U.S. 72, 88–90, 97 S.Ct. 2497, 2507–2508, 53 L.Ed.2d 594 (1977). If, therefore, the Illinois Appellate Court had

refused to consider whether the excluded evidence was admissible to show mitigation, rather than just exoneration as Carbajol had argued at trial, we could not consider it for that purpose either, and Carbajol would be out of court. But we do not know whether the Illinois Appellate Court refused to consider the issue. The court did not mention the issue separately but neither did it say that it had refused to consider it because it had not been raised in the trial court. The discussion in the opinion is sufficiently general to be consistent with, though not to compel, an inference that the issue was considered and rejected on the merits. And while the state argues waiver, it has not provided us with any materials (nor have we found any on our own) to help us determine whether an Illinois court would consider the failure at trial to mention voluntary manslaughter in connection with the offer of proof a procedural default sufficiently serious to bar Carbajol from ever after objecting to the exclusion of the proof on the ground that it might have got the charge reduced from murder to manslaughter. Carbajol's counsel not only made an offer of proof but indicated the purpose for which the offer was made—to bolster his client's defenses of self-defense and necessity. All he failed to do was to argue that the evidence might establish self-defense and necessity not only as complete defenses to a charge of homicide but alternatively as partial defenses. He should have been more explicit but it also should have been pretty obvious to the judge that the evidence had a dual relevance, and it is uncertain in these circumstances whether Illinois would consider counsel's default serious enough to compel forfeiture of Carbajol's opportunity for appellate and hence collateral determination of the constitutional propriety of the exclusion.

As waiver is not a jurisdictional issue, we think we should go on to consider the merits of Carbajol's constitutional claim, at least provisionally; for if we reject it on the merits, we reach the same result as if we had held that he had waived the claim, but

without having to decide the question of waiver.

■ Unless the evidence of what had happened in Mexico 14 years earlier was relevant to Carbajol's defenses against the murder charge, he cannot complain under the Sixth Amendment or anything else about its exclusion. The evidence had a twofold significance, only one fold being conceivably relevant to Carbajol's defenses. It explained why Carbajol hated Hernandez —and, in so doing, far from helping his defense would have helped the prosecution to establish a motive for murder, if any help had been needed. But it also explained why Carbajol might have expected Hernandez to carry out the threats that he had made on the night before the shooting and repeated on the day of the shooting. Nevertheless, the evidence was inadmissible to prove self-defense (or defense of another) without a foundation that Carbajol failed to lay. "[I]n the absence of preliminary evidence of self-defense"—that is, evidence "that would justify a finding that deceased was the aggressor" in the incident that resulted in his death—"specific acts of violence and threats made by the victim should not be admitted." *People v. Carbajal, supra,* 67 Ill.App.3d at 241, 23 Ill.Dec. at 921, 384 N.E.2d at 828. Thus Carbajol could not plead self-defense, which under Illinois law means acting "to defend himself ... against such other's imminent use of unlawful force," Ill.Rev.Stat.1981, ch. 38, § 7–1, because Hernandez did not attack him.

■ The question of relevance is more difficult when the excluded evidence is considered in relation to an *unreasonable* belief by Carbajol that he had to kill Hernandez in defense of himself or his family. Maybe Carbajol, when he saw Hernandez standing in the street in front of his (Carbajol's) house, thought that the moment when Hernandez's implacable malignancy would flare out had arrived, and, when Hernandez was fleeing before him, thought that it was only a momentary respite and that if he relented Hernandez would carry out his threats forthwith. This is an unlikely but not ab-

surd account of what may have been going through Carbajol's mind, and the excluded evidence was relevant to that account.

Also, the Illinois Criminal Code distinguishes between defense of oneself or another against "imminent use of unlawful force," on the one hand, and conduct justified by "necessity," that is, conduct "reasonably believed" to be "necessary to avoid a public or private injury greater than the injury which might reasonably result from" the defendant's effort to prevent it. Ill. Rev.Stat.1981, ch. 39, § 7–13; *People v. Unger,* 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319 (1977). The imminence requirement of Article 7–1 does not appear. Evidence relevant to an unreasonable belief in necessity, which like an unreasonable belief in self-defense or defense of another would reduce the offense from murder to manslaughter, might include evidence from the remote past showing a hostility by the victim so deadly and implacable that the defendant might have believed that he had to kill to avoid "a public or private injury"—rape and multiple murder—"greater than" the death of his victim.

If, therefore, the excluded evidence was relevant to Carbajol's defenses, as we think it was, we must consider the constitutional significance of a trial court's ruling, which the appellate courts of the state refuse to disturb, excluding evidence relevant to a criminal defendant's defense. Carbajol cites a number of cases, of which *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), may be taken as representative, in which the Supreme Court has held that a criminal defendant has a constitutional right to present evidence. The issue in that case, however, was the constitutionality of a state statute that forbade criminal defendants to call accomplices as witnesses. There is a difference between a rule, statutory or otherwise, that limits the ability of a whole class of criminal defendants to defend themselves, and a single evidentiary ruling in a single trial. The question here is not the validity of the Illinois rules of evidence but their correct application in this case.

Carbajol argues that the trial judge erred as a matter of Illinois law in excluding the evidence in question. It is hard to see how this argument can help Carbajol. If the Illinois Appellate Court refused to consider the argument because it was not made (or not made with adequate clarity) to the trial judge, then Carbajol has forfeited his entire federal habeas corpus claim. If the Illinois Appellate Court considered the argument and rejected it on its merits, we are bound by that rejection, as we have no authority to correct that court on questions of state law. And if we did have the authority we would not exercise it here, because there is no indication that Illinois courts would ever admit evidence of the victim's past violent acts, even on the issue of an unreasonable belief that killing the victim was necessary in self-defense, unless, as in *People v. Foster,* 81 Ill.App.3d 915, 923, 37 Ill.Dec. 128, 134, 401 N.E.2d 1221, 1227 (1980), the victim had made a gesture signaling an imminent attack on the defendant.

Even if we could say that the evidence excluded at Carbajol's trial was admissible under Illinois' rules of evidence, that in itself would have no significance in a federal habeas corpus proceeding. The Constitution requires that criminal trials be fair but not that they be free from errors of state law, *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948); *Engle v. Isaac, supra,* 102 S.Ct. at 1568 n. 21, and errors relating to evidence are no more and no less serious than other state-law errors of which a criminal defendant might complain. By the same token, the fact that evidence is properly excluded under state law does not put the exclusion beyond constitutional challenge. If a rule limiting the evidence that a criminal defendant may present can violate the Constitution, as *Washington v. Texas* holds it can, then so can a ruling. Hence the fact that the state courts might have thought that the evidence which Carbajol wanted to offer was too remote to bear significantly on his defenses is not conclusive on us. And although it is not the function of the federal court in a habeas corpus proceeding to second-guess every evidentiary ruling made at the petitioner's trial, at some point an isolated evidentiary ruling might so hamper his defense that it could no longer be said that he had had a fair trial, and then we would have to intervene.

*Webb v. Texas,* 409 U.S. 95, 98, 93 S.Ct. 351, 353, 34 L.Ed.2d 330 (1972) (per curiam), was such a case: "In the circumstances of this case, we conclude that the judge's threatening remarks, directed alone at the single witness for the defense, effectively drove that witness off the stand, and thus deprived the petitioner of due process of law." But the present case is not like that. Carbajol was permitted to testify that the night before the killing Hernandez had threatened to kill him and his children and rape his wife. The threat plus the appearance of Hernandez and cousin in front of Carbajol's house the next day was the principal evidence that Carbajol felt that he and his family were menaced by Hernandez. Carbajol's testimony—which would have been difficult to corroborate—that Hernandez had attacked Carbajol's relatives many years ago in another country added to the menace of Hernandez—showed his threats might not be empty ones—but not so much that the trial judge's refusal to admit the evidence prevented Carbajol from having a fair trial. At least this must be our conclusion when we consider that even with the excluded evidence admitted, the facts would have been heavily stacked against Carbajol's honesty though unreasonably believing that he had to kill Hernandez, who had not attacked Carbajol and was fleeing, unarmed, his back turned, when he was shot.

The judgment denying the petition for habeas corpus is

AFFIRMED.