DENNIS JACKSON *v.* COMMISSIONER OF CORRECTION
(13950)

SHEA, COVELLO, HULL, BORDEN and SANTANIELLO, Js.

Argued December 7, 1990—decision released June 6, 1991

*Elizabeth M. Inkster,* assistant public defender, with whom was *G. Douglas Nash,* public defender, for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, with whom, on the brief, was *John J. Kelley,* chief state's attorney, for the appellee (respondent).

PER CURIAM. After the issuance of our decision in *Johnson* v. *Commissioner,* 218 Conn. 403, 589 A.2d 1214 (1991), in which we affirmed judgments dismissing thirty-one habeas corpus petitions, the petitioner Dennis Jackson filed a motion for reargument or reconsideration in which he called to our attention that, in addition to his other claims, this petitioner had presented to the habeas court testimony to the effect that he had been prevented from pursuing a challenge to the jury array at the trial that resulted in his conviction. The attorney representing him at that trial testi-

fied in the habeas court that he had filed a motion challenging the array several days before trial but that the trial court had summarily denied the challenge without affording any opportunity to present evidence in support of the challenge. The attorney also testified that he had taken exception to the court's refusal to allow an evidentiary hearing with respect to his array challenge.

This petitioner maintains that such a denial of any opportunity to present evidence in support of his challenge to the array would satisfy the requirement of good cause for failure to raise such a challenge before trial, as required by Practice Book §§ 810 and 811. "Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing . . . that 'some interference by officials,' *Brown* v. *Allen,* 344 U.S. 443, 486, 73 S. Ct. 397, 97 L. Ed. 469 [reh. denied, 345 U.S. 946, 73 S. Ct. 437, 97 L. Ed. 1370] (1953), made compliance impracticable, would constitute cause under this standard." *Murray* v. *Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

The habeas court made no findings with respect to whether any such interference occurred or whether it may have prevented the petitioner from proceeding with a successful challenge to the array based upon the impact of General Statutes (Rev. to 1975) § 51-220 on representation of black or Hispanic people in the pool of jurors available for selection of the jury at his trial. See *Alston* v. *Manson,* 791 F.2d 255 (2d Cir. 1986). On the basis of the present record, therefore, we are unable to resolve the issue of whether there was good cause for the procedural default of the petitioner in failing to present and effectively pursue his challenge to the array before trial, which we have held bars review on the merits of his claim of minority underrepresentation in the jury pool.

Accordingly, we open the judgment affirming the dismissal of the petition of this petitioner and remand the case for further proceedings relating to whether there was good cause for his failure to raise before trial the claim of unconstitutional jury composition that is the basis for his habeas petition.