[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REMAND
I. NATURE OF THE PROCEEDINGS CT Page 2815
Following a jury trial in the Judicial District of New Haven, on June 11, 1982, petitioner was convicted of various offenses and sentenced to a term of 19 to 38 years imprisonment. The Supreme Court found no error in a direct appeal of the conviction. State v. Jackson, 198 Conn. 314
(1986). Thereafter, in an amended petition dated September 15, 1988, petitioner challenger the legality of his incarceration asserting, inter alia, that the jury array selection procedures mandated by Connecticut General Statutes Section 51-220 unconstitutionally excluded blacks in violation of his rights to equal protection of the law. Following an evidentiary hearing, this court, Axelrod, J., denied the requested relief and dismissed the petition. The petitioner appealed to the Supreme Court. On appeal, the State submitted its claim that the governing procedural standard should be cause and prejudice, as an alternative ground for affirming the judgment. The decision, which adopted cause and prejudice as the governing procedural standard, affirmed the habeas court's dismissal of the petition on the ground that petitioner had procedurally defaulted his jury array claim by failing to pursue it at his criminal trial. Jackson v. Commissioner of Correction, 218 Conn. 403 (1991). Hence, the Court declined to reach the merits of the equal protection claim.
 We conclude, contrary to the habeas court's view, that the appropriate standard for reviewability in a habeas corpus proceeding of constitutional claims not adequately preserved at trial because of a procedural default, such as failure to challenge the array is the Wainwright (v. Sykes, 433 U.S. 72 (1977)) standard of "cause and prejudice," as the state contends. We also decide the petitioners have not satisfied that standard. . . . Because we conclude that habeas review is precluded by the failure to file challengers to the array before trial, as required by Section 811, we do not address the merits of the equal protection claims of the petitioners.
Johnson v. Commissioner, 218 Conn. 403, 409 (1991).
The petitioner filed a motion for reargument or reconsideration in which he pointed out that he "(h)ad presented to the habeas court testimony to the effect that he had been prevented from pursuing a challenge to the array at CT Page 2816 the trial that resulted in his conviction. . .(and) maintain(ed) such a denial of any opportunity to present evidence in support of his challenge to the array would satisfy the requirement of good cause for failure to raise such a challenge before trial." Jackson v. Commissioner, 219 Conn. 215,216 (1991). The Court denied the motion for reargument or reconsideration but opened the judgment of affirmance and remanded the case to this court for "further proceedings relating to whether there was good cause for his failure to raise before trial the claim of unconstitutional jury composition." Id. at 217.
II. DUTIES OF COURT ON REMAND
As stated in State v. Avcollie, 188 Conn. 626, 643
(1982), on remand, a court is:
 limited to the specific direction of the (Supreme Court) mandate as interpreted in the light of the opinion. State Bar Assn. v. Connecticut Bank Trust Co., 146 Conn. 556, 561 (153 A.2d 453 (1959)). In carrying out the mandate the Superior Court may not render a new or different judgment. Mazzotta v. Bornstein, 105 Conn. 242, 244, 135 A. 38 (1926)). Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. Nowell v. Nowell, 163 Conn. 116, 121 (302 A.2d 260 (1972)).
The opinion of the court in directing the remand stated in part as follows:
 Per Curiam. After the issuance of our decision in Johnson v. Commissioner, 218 Conn. 403, A.2d (1991), in which we affirmed judgments dismissing thirty-one habeas corpus petitions, the petitioner Dennis Jackson filed a motion for reargument or reconsideration in which he called to our attention that, in addition to his other claims, this petitioner had presented to the habeas court testimony to the effect that he had been prevented from pursuing a challenge to the jury array at the trial that resulted in his conviction. The attorney representing him at that trial testified in the habeas court that CT Page 2817 he had filed a motion challenging the array several days before trial but that the trial court had summarily denied the challenge without affording any opportunity to present evidence in support of the challenge. The attorney also testified that he had taken exception to the court's refusal to allow an evidentiary hearing with respect to his array challenge.
. . .
 The habeas court made no findings with respect to whether any such interference occurred or whether it may have prevented the petitioner from proceeding with a successful challenge to the array based upon the impact of General Statutes (Rev. to 1975) Section 51-220 on representation of black or Hispanic people in the pool of jurors available for selection of the jury at his trial. See Alston v. Manson, 791 F.2d 255 (2d Cir. 1986). On the basis of the present record, therefore, we are unable to resolve the issue of whether there was good cause for the procedural default of the petitioner in failing to present and effectively pursue his challenge to the array before trial, which we have held bars review on the merits of his claim of minority under-representation in the jury pool.
In following the specific direction of the remand as interpreted in the light of the opinion, it is necessary for this Court to make additional findings of fact and whether such findings of fact would constitute good cause for the procedural default of the petitioner in failing to present and effectively pursue his challenge to the array before trial.
III. ADDITIONAL FINDINGS OF FACT
The Court makes the following additional findings of fact.
The petitioner was represented at his criminal trial by Attorney John Buckley, who testified in the habeas hearing. Sometime prior to the petitioner's trial, Attorney Buckley reached an agreement with then Assistant State's Attorney CT Page 2818 Patrick Clifford, who was then the prosecutor regarding petitioner's case. The agreement reached was that at the petitioner's trial, Attorney Buckley could rely on evidence presented in another case that he and Attorney Clifford had tried together wherein a jury array challenge was presented. Attorney Buckley filed a motion challenging the array of the selection or the method of selecting jurors in the State of Connecticut on behalf of the petitioner in his underlying criminal trial. The challenge to the array was filed within several days prior to the date of trial. The evidence that Attorney Buckley had presented in a different criminal case challenging the method of selecting jurors would be the same evidence that would have been presented in the petitioner's case. Rather than Assistant State's Attorney Patrick Clifford prosecuting the petitioner's case, it was prosecuted by Assistant State's Attorney Robert Devlin. Attorney Devlin was unwilling to stipulate to the use of the evidence used in the prior challenge to be used in the petitioner's challenge. When informed by Attorney Devlin that the evidence used in the prior case would not be stipulated to in the petitioner's case, Attorney Buckley informed the trial court that he wished to proceed with the jury challenge and would need time to subpoena the appropriate witnesses. The request of Attorney Buckley to have until the following day to subpoena witnesses was denied by the trial court. An exception was taken to this ruling and the challenge to the array was never withdrawn by Attorney Buckley.
It is the petitioner's claim that the ruling of the trial court denying him an opportunity to present evidence to support his jury array challenge at trial constitutes "cause" in that he was precluded from perfecting his claim because of "some objective" factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," citing Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2646
(1986).
IV. LAW
A number of United States Supreme Court decisions have discussed the term "cause" as it relates to a procedural default. In Reed v. Ross, 468 U.S. 1, 82 L.Ed.2d 1,104 S.Ct. 290, the court, at 468 U.S. 13, 14, 15, stated in part as follows:
 Because of the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can CT Page 2819 occur, this Court has not given the term "cause" precise content. See Wainwright v. Sykes, supra, at 87, 53 L.Ed.2d 594, 97 S.Ct. 2497. Nor do we attempt to do so here. Underlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel.
. . .
 In general, therefore, defense counsel may not make a tactical decision to forgo a procedural opportunity — for instance, an opportunity to object at trial, or to raise an issue on appeal — and then, when he discovers that the tactic has been unsuccessful, pursue an alternative strategy in federal court.
. . .
 On the other hand, the cause requirement may be satisfied under certain circumstances when a procedural failure is not attributable to an intentional decision by counsel made in pursuit of his client's interests. And the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the requirement is met. If counsel has no reasonable basis upon which to formulate a constitutional (468 U.S. 15) question, setting aside for the moment exactly what is meant by "reasonable basis," see infra, at 16-18, 82 L.Ed.2d, at 15-16, it is safe to assume that he is sufficiently unaware of the question's latent existence that we cannot attribute to him strategic motives of any sort.
In Amadeo v. Zant, 486 U.S. 214, 100 L.Ed.2d 249,108 S.Ct. 1771 (1988), the court in discussing "cause and prejudice," stated at 486 U.S. 221, 222, in part as follows:
 Petitioner was convicted of murder and criminal attempt to commit theft in the Superior Court of Putnam County, Georgia. While petitioner's direct appeal CT Page 2820 was pending, an independent civil action involving a challenge to voting procedures in Putnam County was brought in Federal District Court, which found that a memorandum from the District Attorney's Office to the Putnam County Jury Commissioners was intentionally designed to result in underrepresentation of black people and women in the master jury lists from which all grand and traverse (petit) jurors were drawn.
. . .
 Affirming petitioner's convictions and sentences, the Georgia Supreme Court rejected his challenge to the jury on the ground that it came too late. After exhausting his state remedies, petitioner sought a writ of habeas corpus in Federal District Court.
. . .
 A showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable, constitutes cause.
. . .
 In Wainwright v. Sykes, 433 U.S. 72, 53 L.Ed.2d 594, 97 S.Ct. 2497 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The Sykes Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the `cause'-and-`prejudice' standard." 433 U.S., at 87, 53 L.Ed.2d 594, 97 S.Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In Reed v. Ross, 468 U.S. 1, 82 L.Ed.2d CT Page 2821 1, 104 S.Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision (486 U.S. 222) to forgo a procedural opportunity normal cannot constitute cause, id., at 13-14, 82 L.Ed.2d 1, 104 S.Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the (cause) requirement is met." Id., at 14, 82 L.Ed.2d 1, 104 S.Ct. 2901. The Court later elaborated upon Ross and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that `some interference of officials' made compliance impracticable, would constitute cause under this standard. Ibid. (citations omitted).
In support of his claim of "interference by officials," the petitioner argues in part as follows:
 As set forth in the facts, supra, the "interference by officials" in this case was the trial court's refusal to allow defense counsel to put on evidence in support of the array challenge. "(I)t is inescapable that the defendant sought to invoke the substance of his federal right" to a jury array summoned free from the taint of racial discrimination. James v. Kentucky, 466 U.S. 353, 351 (1984). "The constitutional right at stake was fundamental, and the prejudice was potentially great. Petitioner's claim on the jury array issue was detailed and "should have been pretty obvious to the judge." Carbajol v. Fairman, 700 F.2d 397, 399 (7th Cir. 1983) (inexplicit offer of proof not a procedural default where issue "pretty obvious" to trial judge). See Exhibit E at 2-7. "This is not a case, CT Page 2822 moreover, where a petitioner failed to call the court's attention to the alleged violation of his rights: (Jackson)'s attorney raised the jury selection issue at trial and the court denied his request to examine the jury commissioners." Huffman v. Wainwright, 651 F.2d at 352. See 5T 11, 13-15; Exhibit E at 2-7. Clearly, petitioner's attorney "adequately informed the trial court" of his intent to challenge the array, and "did all that he could to comply" with the procedural and evidentiary requirements of array challenges. Pedrero v. Wainwright, 590 F.2d 1383, 1390 (5th Cir. 1979) (finding no Wainwright v. Sykes procedural default where, despite Texas rule that motions require "written statement of particulars," petitioner's attorney "did all that he could to comply" with state procedural rule by "adequately" informing trial court of intent to rely on the insanity defense, orally moving for psychiatric examination of his client at arraignment, and alleging that client "`was insane at the time of the offense.'")
This Court is not persuaded by the petitioner's argument.
All of the above cases cited by the petitioner as well as other cases cited by him are distinguishable from the facts in this case.
James v. Kentucky, supra, was not a habeas corpus, but rather a direct appeal from the failure of the trial court to instruct the jury not to draw an adverse inference from the defendant's failure to testify. It therefore did not involve the cause and prejudice standard or the issue of "factors external to the defense."
Carbajol v. Fairman, supra, was a habeas corpus petition. The issue in Carbajol was the trial court's exclusion of evidence, which exclusion was first raised on direct appeal. In this case, the petitioner did not raise in his direct appeal from his conviction the issue of the jury array that he now seeks to raise.
Huffman v. Wainwright, supra, was a habeas corpus CT Page 2823 petition. The Huffman court stated at page 352 in part as follows:
 Regarding the failure to raise the issue of jury selection on appeal, the observation noted above as to the character of the right involved and the possible prejudice incurred are applicable here as well.
The court in Murray v. Carrier, supra, held at page 489 that:
 It is clear that respondent failed to show or even allege cause for his procedural default under this standard for cause, which Engle squarely supports. Respondent argues nevertheless that this case is not controlled by Engle because it involves a procedural default on appeal rather than at trial. Respondent does not dispute, however, that the cause and prejudice test applies to procedural defaults on appeal, as we plainly indicated in Reed v. Ross, 468 U.S. at 11, 82 L.Ed.2d 1, 104 S.Ct. 2901. Reed, which involved a claim that was defaulted on appeal, held that a habeas petitioner could establish cause for a procedural default if his claim is "so novel that its legal basis is not reasonably available to counsel," Id. at 16, 82 L.Ed.2d 1, 104 S.Ct. 2901. That holding would have been entirely unnecessary to the disposition of the prisoner's claim if the cause and prejudice were inapplicable to procedural defaults on appeal. (emphasis provided).
Pedrero v. Wainwright, supra, was a federal habeas corpus petition. The claim raised in Pedrero was that the state violated his due process rights by failing to accord him an adequate hearing on his competency to stand trial and by denying his pretrial request for a psychiatric examination to aid him in establishing his defense of insanity at the time of the offense. He appealed his conviction and on appeal raised the issue of his right to a competency hearing. That case differs from the present case in that the petitioner in this case did not raise his petit jury claim on direct appeal from his conviction. CT Page 2824
Part of the underlying reasoning in Wainwright v. Sykes, supra, regarding the cause and prejudice standard, was to make the state trial on the merits the "main event" and to thereby discourage sandbagging on the part of defense lawyers who may take their chances on a verdict of not guilty in the state trial court with the intent to raise to their constitutional claims in a federal habeas court if their initial gamble does not pay off.
It is clear from Murray v. Carrier, supra, that the cause and prejudice standard of making the state trial on the merits the "main event" extends to making the state appeal the main event. It is therefore necessary to raise constitutional issues not only in the state trial but also in the state appeal and the failure to raise such issues either in the state trial or in the state appeal invokes the cause and prejudice test.
During the course of "main event" trial, a number of constitutional issues can be raised by defense counsel in a variety of ways. These claims can involve, among others, claimed errors of the trial court in failing to admit evidence of a claimed involuntary confession, claimed errors of the trial court in failing to allow cross examination, claimed errors of the trial court in failing to appoint defense counsel, claimed errors of the trial court in charging the jury on the failure of the defendant to testify, claimed errors of the trial court in failing to grant a continuance to allow for the presentation of evidence regarding the jury array and claimed errors of the trial court in failing to admit evidence of mental inability to stand trial.
This Court has been unable to find any case in which a ruling of the trial court that was not raised on direct appeal has ever been found to be a "factor external to the defense" so as to allow the issue to be raised in a habeas corpus petition. This Court concludes that the petitioner has failed to show that there was good cause for his failure to raise before trial the claim of unconstitutional jury composition as a result of having failed to pursue that claim on direct appeal.
AXELROD, JUDGE