JONATHAN WATLEY *v.* COMMISSIONER OF CORRECTION
(14549)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued May 5—decision released August 10, 1993

*Pamela A. Mitchell,* for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, for the appellee (respondent).

BORDEN, J. The petitioner, Jonathan Watley, appeals[1] from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The habeas court concluded that the petitioner did not demonstrate good cause for his failure to pursue at trial his claim of unconstitutional jury composition that was the basis of his habeas petition. We reverse the judgment of the habeas court and remand the case for further proceedings.

The record sets forth the facts and lengthy procedural history of this case. In March, 1982, after a jury trial, the petitioner was convicted of first degree sexual assault, second degree burglary and first degree larceny. The petitioner appealed from the judgment of conviction to this court and we affirmed the conviction. *State* v. *Watley,* 195 Conn. 485, 488 A.2d 1245 (1985).

In 1986, the petitioner filed this petition for a writ of habeas corpus. The petitioner claimed that his conviction was improper because: (1) the jury array from which his petit jury had been selected had been summoned in violation of his federal and state constitutional rights;[2] and (2) he had been denied his constitutional

---

[1] The petitioner appealed to the Appellate Court upon the habeas court's grant of certification pursuant to General Statutes § 52-470 (b), and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] The petitioner, a black male, claimed that members of his race were underrepresented on his jury array in violation of his equal protection rights

right to effective assistance of counsel because of the failure of his counsel to challenge the jury array at trial. The habeas court denied the petition for habeas corpus[3] and the petitioner subsequently appealed. His appeal was consolidated with the appeals of thirty-three other habeas petitioners whose similar jury array claims had been rejected by the habeas court. See *Johnson* v. *Commissioner,* 218 Conn. 403, 406, 589 A.2d 1214 (1991).

guaranteed by the fourteenth amendment to the United States constitution and article first, § 20, of the Connecticut constitution.

[3] The habeas court issued a lengthy memorandum of decision setting forth its reasons for denying the petition. We first note that this memorandum of decision makes some references to procedural default on appeal. In light of the fact that the petitioner failed to make any mention of a possible jury array challenge at trial, however, we read the analysis in the habeas court's decision, consistently with our decision in *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 406, 589 A.2d 1214 (1991), to rest upon consideration of the petitioner's procedural default at trial. Cf. *Jackson* v. *Commissioner of Correction,* 227 Conn. 124, 629 A.2d 413 (1993).

The habeas court first analyzed whether the "cause and prejudice" standard or the "deliberate bypass" rule was the appropriate standard by which to decide whether habeas relief was precluded by the petitioner's failure to challenge the array. Although the habeas court concluded that, at the time of its decision, the deliberate bypass rule was still the law of Connecticut, the court noted that a pending appeal in this court raised this precise issue. The court therefore analyzed the claim under both rules and concluded that: (1) there was sufficient cause to excuse the petitioner's failure to challenge the array but that he had not made the requisite showing of prejudice; and (2) the habeas claim was not barred under the deliberate bypass rule.

In light of its conclusion that the petitioner had not deliberately bypassed the challenge to the jury array, the habeas court then reviewed the merits of the petitioner's habeas claim. After analyzing the relevant evidence and law, the habeas court concluded that the petitioner had failed to demonstrate that the composition of his jury array violated his constitutional rights. The court also concluded that the petitioner had not been denied his constitutional right to the effective assistance of counsel because: (1) his counsel's failure to pursue a claim for which there was no reasonable basis in existing law constituted reasonable conduct under prevailing professional norms; and (2) there was no evidence that, if the challenge had been brought, the verdict would have been different. See *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

On that previous appeal, the respondent, the commissioner of correction, asserted that, in each case, the trial court had properly concluded that the composition of the jury array did not violate the petitioner's constitutional rights. As an alternative ground of affirmance, the respondent asserted that the proper standard by which to analyze the petitioners' failure to raise their jury array challenges at trial was the cause and prejudice standard as articulated in *Wainwright* v. *Sykes,* 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), as opposed to the deliberate bypass rule; see *Fay* v. *Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963); upon which the habeas court had relied.

We affirmed the judgment of the habeas court. In so doing, we concluded that the appropriate standard by which to analyze procedural defaults at trial was the *Wainwright* standard of cause and prejudice, and that the petitioner in each case had not demonstrated legally sufficient cause pursuant to that standard. *Johnson* v. *Commissioner of Correction,* supra, 409. We also rejected the claim that the failure of the petitioners' counsel to raise the challenge at their trials deprived them of their constitutional right to effective assistance of counsel because of the tenuousness of their jury array challenges. Id., 427.

This petitioner then filed a motion for reargument or reconsideration claiming that sufficient evidence had been presented in his individual habeas case to meet the cause and prejudice standard. Specifically, the petitioner called our attention to testimony presented in the habeas court suggesting that the public defender's office had refused to authorize the petitioner's special public defender at trial, Max Brunswick, to expend funds necessary to present expert witness testimony regarding the allegedly defective jury array.

We denied reargument but opened the judgment of affirmance. *Watley* v. *Commissioner of Correction,* 219 Conn. 231, 592 A.2d 911 (1991). We recognized that, pursuant to the cause and prejudice standard adopted in *Johnson,* "a showing . . . that some interference by officials, *Brown* v. *Allen,* 344 U.S. 443, 486, 73 S. Ct. 397, 97 L. Ed. 2d 469 [reh. denied, 345 U.S. 946, 73 S. Ct. 437, 97 L. Ed. 1370] (1953), made compliance [with a procedural rule] impracticable would constitute cause under this standard. *Murray* v. *Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)." (Internal quotation marks omitted.) *Watley* v. *Commissioner of Correction,* supra, 232–33. In light of the habeas court's lack of a finding on whether such interference in fact had occurred, we were unable to resolve the issue of whether there was good cause for the procedural default of the petitioner at trial in failing to raise a challenge to the jury array. Id., 233. "Accordingly, we open[ed] the judgment affirming the dismissal of the petition . . . and remand[ed] the case for further proceedings relating to whether there was good cause for his failure to raise before trial the claim of unconstitutional jury composition that is the basis for the habeas petition." Id.

On remand, both parties requested an evidentiary hearing to address the issue of whether the public defender's office had, in fact, denied Brunswick funding to bring the jury array challenge. The habeas court, however, denied the request for an evidentiary hearing, concluding that an evidentiary hearing was not authorized by our remand order; cf. *Jackson* v. *Commissioner of Correction,* 227 Conn. 124, 129, 629 A.2d 413 (1993); and that the finding requested in the remand order should be made solely from the testimony presented at the original hearing on the petition.

The habeas court, relying on the transcripts from the original hearing on the habeas petition, issued a writ-

ten memorandum containing the following findings: "The petitioner was represented at his criminal trial by Attorney Max F. Brunswick, who had been appointed to represent the petitioner as a special public defender. At the time of the petitioner's trial, it was Attorney Brunswick's practice to raise challenges to the jury array during the course of the representation of his clients. He did not raise a jury array challenge on behalf of the petitioner. The reason he did not file such a challenge on behalf of the petitioner was because he had been told by someone from the public defender's office that the public defender's office did not have the money to subpoena the jury commissioners in New Haven County, and without funds to issue the subpoenas, it would have been impossible to go forward on the evidentiary portion of a challenge to the array. . . . Having been denied funding necessary to present a challenge to the jury array, Attorney Brunswick therefore did not file any challenge to the jury array in the petitioner's criminal trial."

Despite these findings, the habeas court concluded that the petitioner had failed to demonstrate cause for the failure to raise the jury array challenge at trial. The habeas court reasoned that the denial of funding was not an "interference by officials external to the defense," and therefore could not constitute cause because the office of the public defender "is not 'external to the defense' but rather is a part of the defense." This appeal followed.

The petitioner claims that the habeas court improperly concluded that the petitioner had not demonstrated cause for his procedural default at trial. Because we agree with both parties that the habeas court should have held an evidentiary hearing on Brunswick's claim that he had been denied funding to bring the jury array

challenge, we reverse the judgment of the habeas court and remand the case for such a hearing.[4]

The habeas court's reliance on nothing other than the transcripts of the original habeas petition hearing was not justified in the circumstances of this case. When the original hearing was conducted, Connecticut utilized the deliberate bypass rule to determine the reviewability of habeas claims that had been procedurally defaulted at trial. Consequently, the evidence presented in that hearing was not designed to address the issue of whether there was cause for the petitioner's default under *Wainwright* v. *Sykes,* supra. Given the change in adjudicatory standards between the first habeas hearing and the hearing held on remand, we conclude that the habeas court's reliance on the testimony presented at the first hearing was improper.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

---

[4] Because we conclude that an inadequate factual record exists to adjudicate the issue of cause, we do not reach the issue of whether the habeas court properly concluded that the denial of funding of the petitioner's special public defender's jury array challenge by the public defender's office was a factor external to the defense.